UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER GRANT, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 1:13-cv-00113-NT |
| | ) |
| RODNEY BOUFFARD, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION

Christopher Grant filed a habeas corpus petition in this court pursuant to 28 U.S.C. §
2254.  (Petition, ECF No. 1.)  Rodney Bouffard, in his capacity as Warden of the Maine State
Prison, is the respondent.  Grant challenges his state court conviction on three grounds, arguing
that (1) he is due more good time credits; (2) the prosecution withheld evidence and committed a
Brady violation;[1] and (3) he received ineffective assistance of counsel in the plea bargaining
process.  In response the State moved to dismiss the petition on the basis that it was untimely.  I
recommend that the court dismiss Grant's petition without further proceedings.

### PROCEDURAL BACKGROUND

In November 2007, Grant was indicted in state court for manslaughter, operating under
the influence, aggravated assault, and two counts of reckless conduct.  State of Maine v.
Christopher Grant, No. MACSC-CR-2007-00286 (Me. Super. Ct., Wash. Cty.).[2]  At his
arraignment in December 2007, he pleaded not guilty to each of the charges.

---

[1]     Brady v. Maryland, 373 U.S. 83 (1963) ("[T]he suppression by the prosecution of evidence favorable to an
accused upon request violates due process where the evidence is material either to guilt or to punishment,
irrespective of the good faith or bad faith of the prosecution.")

[2]     The state court record consists only of the docket sheets for the underlying three state cases: the criminal
prosecution, the post-conviction review, and the discretionary appeal of the post-conviction review.  (ECF No. 7-1.)

On July 31, 2009, Grant changed his plea to guilty and was convicted and sentenced on three of the five charges: manslaughter, aggravated assault, and one count of reckless conduct. The prosecutor dismissed the charge of operating under the influence and one of the reckless conduct charges.  On the manslaughter conviction, he was sentenced to eighteen years of imprisonment with all but eight years suspended, followed by four years of probation.  On the aggravated-assault conviction, he was sentenced to five years of imprisonment, to be served concurrently with the longer term.  On the reckless-conduct conviction, he was sentenced to three years of imprisonment, to be served concurrently with the two longer terms.

Grant did not file either a direct appeal or a sentencing appeal.  On August 2, 2010, Grant filed a petition for post-conviction review in the state court.   The court denied the petition on July 30, 2012.  On August 13, 2012, Grant filed a timely request for a certificate of probable cause.  On January 22, 2013, the Law Court denied the request for a certificate of probable cause.

Grant's attorney at that point did not advise him correctly as to the deadline for filing a section 2254 petition.  The attorney stated in a letter to Grant dated January 24, 2013, in which the attorney enclosed the Law Court's decision and apparently concluded his representation of Grant:

> This ends your State appeal remedies.  You have 1 yr. from the date of this decision (January 22, 2013) to file a federal <u>habeas</u> petition.  I do not practice in the federal system and would not be able to assist you.  You may want to contact the prison advocate for assistance.  However, keep in mind the deadline for filing the federal <u>habeas</u>.

(Letter, ECF No. 10-1.)

---

I assume that when the record consists of docket sheets only, the State is representing that there are no discrepancies between those and the underlying state court record as to any material point.

Grant filed his section 2254 petition in this court on March 28, 2013.  I ordered the State to respond, and it filed a request for dismissal with the abbreviated state court record described above.

DISCUSSION

**1. Grant's Section 2254 Petition Was Untimely**

Grant does not dispute that his section 2254 petition was not timely filed; rather, he argues for equitable estoppel.  (Reply at 1, ECF No. 10.)  I have reviewed the file and I find that the petition was untimely.  Although the parties do not dispute the timeliness issue, I address it here simply to explain my conclusion.

A petitioner in custody pursuant to a state court judgment has one year in which to apply for a writ of habeas corpus in federal court.  See 28 U.S.C. § 2244(d)(1). There are four different dates from which the one-year limitations period may run, and the petitioner's filing will be timely if it falls inside the latest measure.  Id.  In this case, the limitations period began to run from "the date on which the judgment became final by . . . the expiration of the time for seeking [a] review."  Id. § 2244(d)(1)(A).  Under Maine court rules, a criminal defendant has twenty-one days after the entry of judgment to file a state court appeal.  M.R. App. P. 2(b)(2)(A).  Pursuant to section 2244(d)(1)(A), the twenty-first day after the entry of judgment is the date on which the time for seeking review expires.  The federal one-year period of limitation pursuant to section 2244(d)(1)(A) begins to run on the day after the date on which the appeal period expires, due to Fed. R. Civ. P. 6(a)(1)(A), which provides that the day of the event that triggers the period is excluded from the calculation of the period.[3]

---

[3]      Rule 6 of the Federal Rules of Civil Procedure applies because Rule 12 of the Rules Governing Section 2254 Cases states: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Fed. R. Civ. P. 6 is not inconsistent with 28 U.S.C. § 2244(d)(1)(A).

The one-year limitations period under section 2244(d)(1) does not necessarily run for 365 consecutive days; it is tolled, i.e., suspended, while a post-conviction review or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Id.  "[A]n application for [state] post-conviction relief is pending from the time it is first filed until [the time it is] finally disposed of and further appellate review is unavailable under the particular state's procedures."  Drew v. MacEachern, 620 F.3d 16, 21 (1st Cir. 2010) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)) (quotation marks omitted).  The time during which an application is pending includes "the interval between a lower court's entry of judgment and the filing of an appeal with a higher state court." Id. at 20 (citing Carey, 536 U.S. at 220-21).

When there is a tolling period that must be taken into account, I use the following five-step calculation to determine whether a petition was timely filed.

First, I calculate the total number of days between the date on which the state court judgment in the underlying criminal case became final and the filing of the federal petition.  In this case, pursuant to Fed. R. Civ. P. 6(a)(1)(A), the total excludes August 21, 2009, which was twenty-one days after the date on which the judgment of conviction was entered.  Rather, the total is calculated from and including the next day, which was August 22, 2009.  The total includes the date the federal petition was filed, pursuant to Rule 6(a)(1)(C), which provides that the last day of the period is to be included unless it is a Saturday, Sunday, or legal holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or legal

holiday.  In this case, step one yields 1,315 days from and including August 22, 2009, to and including Thursday, March 28, 2013, which was the date Grant filed his section 2254 petition.[4]

Second, I determine the total number of days allocated to tolling, pursuant to 28 U.S.C. § 2244(d)(2).  In this case, step two works out to be 905 days from and including August 2, 2010, when Grant filed his state court post-conviction petition, to and including January 22, 2013, when the Law Court denied his request for a certificate of probable cause.

Third, I subtract the tolling days from the total days between the final judgment and the filing of the federal petition. This yields the number of days it took the petitioner to file, excluding tolled days.  Step three yields 410 days in this case ($1,315 - 905 = 410$).

Fourth, I calculate the number of days the petitioner would have had if the limitations period of one year had run in consecutive days.  The reason for this is that a one-year limitations period, when measured from the actual calendar dates that apply in any given case, may translate into something other than 365 days.  "When a limitations period is measured in years, the last day for instituting the action is traditionally the anniversary date of the start of the limitations period."  Lattimore v. Dubois, 311 F.3d 46, 54 (1st Cir. 2002).

This fourth step may in some cases be a bit more complicated by the operation of Fed. R. Civ. P. 6(a).  As it turns out, in this case the petition was more than just a few days late, and so the operation of Rule 6(a) does not make a difference one way or the other.  However, I explain the applicability of Rule 6(a) nonetheless because I apply it to determine the exact number of days in advance of or after the deadline the petition was filed.  Rule 6(a) states that it applies "in computing any time period specified in . . . any statute that does not specify a method of computing time."  Here, the applicable statute is 28 U.S.C. § 2244, which provides for four

---

[4]	To determine the number of days between two calendar dates, I have used two date calculators that are readily available on the Internet and compared the results to verify their accuracy.

different methods of determining a start date but does not specify a method of computing the end date of the limitations period.  Therefore, Rule 6(a)(1) must be taken into account in determining the length of the limitations period set forth in section 2244(d)(1).  The application of Rule 6(a)(1)(C), which may add a day or two to the period, does not appear to be restricted to situations in which the filing at issue is actually made on the next day that is not a weekend day or a holiday.  Rather, it appears to apply across the board to the determination of any limitations period, even when that period is determined, as here, solely as a basis for comparison with the limitations period as measured to take into account tolled days.  Thus, in some cases, the petitioner may have the benefit of Rule 6(a) twice over, first when the one-year consecutive-day limitations period is translated to calendar days, and second, when the petitioner's actual deadline is calculated with tolling taken into account.  In this case, step four works out to be 367 days, counted from and including August 22, 2009, to and including Monday, August 23, 2010, which was the first business day after the one-year anniversary date.  See Lattimore, 311 F.3d at 54.

Fifth, I compare the numbers obtained in steps three and four above.  If the resulting number in step three is less than or equal to the resulting number in step four, the petition was timely, i.e., the petitioner took one year or less, as measured under the rules from the time of the final state court judgment, to file the federal petition. If the resulting number in step three is more than that resulting in step four, the petition was untimely.  In this case, step five indicates that the petition was filed 43 days late (410 − 367 = 43).  Absent equitable tolling, the petition is clearly time-barred.

6

## 2. Equitable Tolling Does Not Apply

Grant makes an argument for equitable tolling of the limitations period.  He argues that he should have the benefit of tolling because he relied on his attorney's misstatement about the petition filing deadline.  (Reply at 1.)  The Supreme Court has recognized that section 2244(d) "is subject to equitable tolling in appropriate cases."  Holland v. Florida, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). The Court has established a two-prong test for equitable tolling that requires a petitioner to show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

I cannot conclude that Grant acted diligently.  Although his state court petition was filed within the one-year deadline for state post-conviction review, see 15 M.R.S. §2128-B, Grant used up most of his federal one-year period of limitations at the same time, as the federal and state limitations periods were running concurrently.  Grant alone is responsible for the nearly one-year delay that occurred between the date the state court judgment became final and the date on which he filed his petition for post-conviction relief.  Although his attorney's miscalculation of the federal filing deadline was a serious error, that attorney did not represent him in the underlying criminal prosecution, but was only appointed after Grant filed his state court post-conviction petition.  Grant's own delay beforehand used up most of his federal one-year period of limitations.  In these circumstances, I conclude that Grant has not made a showing of diligence.

As to the second requirement for equitable estoppel, I conclude, as a matter of law, that the post-conviction attorney's error and misstatement about the federal deadline did not amount to extraordinary circumstances.  The attorney's misstatement, although regrettable and costly to

Grant, falls in the category described by the Supreme Court as "garden variety" negligence rather than anything truly extraordinary, particularly in the context of Grant's own significant delay in filing the state court petition.  Holland, 130 S. Ct. at 2564.  "We have previously held that 'a garden variety claim of excusable neglect,' [Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)], such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, [Lawrence v. Florida, 549 U.S. 327, 336 (2007)], does not warrant equitable tolling."  Holland, 130 S. Ct. at 2564.  I cannot conclude that Grant's attorney's mistake, however unfortunate for Grant, was part of any sort of extraordinary circumstances.  I conclude that Grant does not meet either of the two requirements for equitable relief.

## CONCLUSION

For the reasons stated above, I recommend that the court grant the State's motion to dismiss the petition with prejudice.  I further recommend that a certificate of appealability should not issue in the event Grant files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

July 11, 2013                         /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge